Ben K. Sleet, et al., *v.* Louisville, Cincinnati & Lexington R. Co.

**Judicial Sales of Personalty—Execution on Railroad Company.**
The sheriff cannot levy upon and sell timbers delivered to a railroad company and placed upon its line where the timber was about to be and some of it was being used in repairing a bridge constituting a part of its track.

**Property of Railroad Company.**
The property of a railroad company not constituting an integral part of its track or rolling stock is subject to execution, but where it is a part of the track or rolling stock the creditor must resort to a court of equity for relief.

APPEAL FROM BOONE CIRCUIT COURT.

March 19, 1875.

OPINION BY JUDGE LINDSAY:

The petition shows that the timbers levied on and sold by the sheriff had been delivered or placed immediately upon the line of the railroad, and that they were about to be, and that some of them were, in fact, being used in repairing a bridge, constituting part of the track of the road.   Under such circumstances, these timbers will be regarded as part of the railroad track.   They were not, therefore, subject to seizure and sale under execution.

A chancellor cannot sell a public improvement of the character of a turnpike or railroad until he has ascertained that the indebtedness of the corporation owing it is so great that it cannot be. discharged in a reasonable time, by the application to that purpose of its tolls or profits.   *Winchester & Lexington Turnpike Road Co. v. Vimont,* 5 B. Mon. 1.   The law treats a railroad as an entirety. Public policy protects the entire road from seizure and sale by a sheriff.   Having no power to sell the entire road, of course he cannot seize and sell a fragment of it.

The property of a railroad corporation, not constituting an inte-

gral part of its track or of its rolling stock is subject to execution; but when that character of property is exhausted, the creditors must resort to a court of equity for relief.

The demurrer to appellee's petition was properly overruled, and the injunction properly perpetuated.

Judgment *affirmed.*

*Gleen & Carlisle, for appellants.*